LOUISVILLE & NASHVILLE RAILROAD COMPANY *et al. v.* VENABLE.

ATKINSON, J. 1. Under the evidence in this case it could not be held as matter of law that the shippers of the stone which was damaged were limited in their recovery to an amount stated in the bills of lading, if such damage resulted from negligence on the part of the carrier; and it being admitted on the trial that there was no issue in the case, as presented by the evidence, except the construction of the bills of lading introduced, there was no error in directing a verdict for the

plaintiff for the amount admitted by the defendant to be due if the court's construction of the bill of lading was correct. On the general subject see *Georgia So. & Fla. Ry. Co.* v. *Johnson,* 121 *Ga.* 231 (48 S. E. 807); *Central of Ga. Ry. Co.* v. *Hall,* 124 *Ga.* 322 (52 S. E. 679, 4 L. R. A. (N. S.) 898, 110 Am. St. R. 170), and cases cited.

(*a*) There was no exception or contention that the court should have submitted to the jury as a question of fact whether there was a bona fide effort to value the stone shipped and express such value in the bill of lading.

2. The more especially did the court not err "in not holding that the plaintiffs were limited in recovery of damages to the value of the stone as set out in the bills of lading received by the plaintiffs from the defendants," when the evidence showed that some of the bills of lading expressed a value of 20 cents per cubic foot, and others of 40 cents per cubic foot (which the parol testimony stated was an erroneous entry and should have been 20 cents), and some of them expressed no valuation at all.        *Judgment affirmed. All the Justices concur.*

Argued January 6,—Decided April 19, 1909.

Action for damages. Before Judge Roan. DeKalb superior court. May 2, 1908.

A number of cars of cut stone were shipped from Stone Mountain, Ga., to Vicksburg, Miss. When delivered the stone was broken and damaged. On the trial of a suit against the initial carrier the only matter of defense insisted upon was that the plaintiff's recovery should be limited to 20 cents per cubic foot of stone shipped; but the court allowed the plaintiff to recover on the basis of actual value as proved. The bills of lading covering the shipments were alike, save as to number and description of cars, weights, and dates, and except that in some of them was inserted a valuation of 20 cents per cubic foot, in others a valuation of 40 cents per cubic foot, and in others no valuation. It appeared from the testimony, that the blank bills of lading were furnished by Brinkley, the agent of the initial carrier, and were filled out by Pace, who was in the plaintiff's employment, to save Brinkley from the work of so doing, and to avoid delay. The carrier placed the valuation on the granite. When Pace called on Brinkley for a rate to Vicksburg, Brinkley said he did not know what it was, but he would allow the shipment to go ahead, and he would charge the local rate to Atlanta; but that Pace would have to value this stone at 20 cents a foot in order to get the rate. The insertion of the 40 cents valuation was an error; "all of it ought to have been 20 cents." There was no effort on the part of Brinkley to arrive at a fair valuation. The real value did not come into consideration in

fixing the rate. The valuation of 20 cents a foot had no relation to actual value; the real value was not mentioned. No rate for a higher valuation was filed at the railroad office; they used only a rate based on 20 cents valuation. The rate was not stated in the bills of lading.

See besides cases cited in headnote, 128 *Ga.* 841; 194 U. S. 427.

*Joseph B. & Bryan Cumming* and *M. A. Candler,* for plaintiffs in error. *James L. Key,* contra.